JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Paul Keith appeals his conviction for sexual imposition, a violation of R.C. 2907.06(A)(1). We affirm.
In April 2003, Keith was working with Tanya Lawson late at night. During a break, the two were outside walking together when Keith exposed his penis to her, kept it out of his pants, and described it as "big and juicy." Lawson turned her head to pretend that she did not notice. She told him that he was wrong for exposing himself. Lawson testified that when she tried to bring up another topic, Keith stated, "[L]et me get behind and you watch your big butt. Let me jack off." Keith got behind her and made some odd noises until Lawson "rebuked him in the name of Jesus." Undeterred, Keith then grabbed or touched Lawson's buttocks. She was offended, so she hit him and walked back to work.
When she returned to the office, she saw Rita Hill, who asked her what was wrong. Lawson told Hill the story, but may have left out the details about Keith's actually touching her buttocks — Hill testified only that Lawson "had mentioned that [Keith] had tried to touch her butt." Hill also testified that Lawson had tears in her eyes and was shaking. Shortly after Lawson told Hill her story, Keith went up to Lawson and apologized to Lawson. Hill heard this apology and testified that Lawson's face was expressionless at that time.
Following a bench trial, Keith was found guilty and was given a 90-day suspended sentence and one year of probation. On appeal, Keith assigns only one error — namely, that his conviction was against the manifest weight of the evidence.
To obtain a conviction for sexual imposition, the state must prove that the defendant had sexual contact with another, not the spouse of the offender, when the offender knew that the sexual contact was offensive to the other person, or was reckless in that regard.[1] Sexual contact includes "any touching of an erogenous zone of another, including without limitation the * * * buttock."[2]
A review of the manifest weight of the evidence puts the appellate court in the role of a "thirteenth juror."[3] We must review the entire record, weigh the evidence, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice.[4] And a new trial should be granted on the weight of the evidence only in exceptional cases.[5]
Keith now asserts that the state failed to prove that he and Lawson were not married at the time of the offense. But when asked how she knew Keith, Lawson responded that they were coworkers. She stated that the only other capacity in which she knew Keith was when they both coached Little League baseball together. And Lawson testified that she was a wife and a mother of two children. Though it would have been a better practice to have asked the question directly, all of this was more than enough to show that Lawson was not married to Keith.
Keith also points out that Lawson testified first that he had grabbed her, then only that he had brushed against her. This is a distinction without a difference — "any touching" satisfies the statutory definition.
The record also demonstrates either that Keith knew that the touching was offensive (through Lawson's rebuking him in the name of Jesus and her statement that showing her his penis was wrong), or that he was reckless in that regard (suggesting that he would like to "jack off" and touching Lawson's buttocks). The "jack off" reference also proved that the purpose of his touching her was for his own sexual gratification.
We note that a person cannot be convicted for sexual imposition solely upon the victim's testimony unsupported by other evidence.[6] Hill's testimony sufficiently corroborated Lawson's story. Lawson told Hill about the circumstances shortly after they had occurred, and Hill saw that Lawson was physically upset. Further, Hill heard Keith apologize to Lawson.
We have reviewed the entire record in this case, and we cannot say that the trial court lost its way or created a manifest miscarriage of justice in finding Keith guilty of sexual imposition. We overrule his sole assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Painter, JJ.
[1] R.C. 2907.06(A)(1).
[2] R.C. 2907.01(B).
[3] State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52,678 N.E.2d 541.
[4] State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.
[5] State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, citing State v. Martin (1983), 20 Ohio App.3d 172, 485 N.E.2d 717.
[6] R.C. 2907.06(B).